UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shane T.,                                                                                                  Civ. No. 18-634 (BRT)

          Plaintiff,

v.
                                                **ORDER**

Andrew Saul,
Commissioner of
Social Security,

          Defendant.

Mac Schneider, Esq., Schneider Schneider & Schneider, counsel for Plaintiff.

Linda H. Green, Esq., Social Security Administration, counsel for Defendant.

      This matter is before the court on Plaintiff's counsel's Petition for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. No. 30.) Plaintiff's counsel, Mac Schneider, requests attorney's fees in the amount of $21,646.25, with the provision that $5,746.56 in Equal Access to Justice Act ("EAJA") fees that were previously awarded be refunded by counsel to Plaintiff. (*Id.*)

## BACKGROUND

      Plaintiff brought this matter before the Court seeking review following the Commissioner's final decision denying disability, arguing that the Commissioner failed to evaluate Plaintiff's medically-determinable osteoarthritis at step 2, failed to make findings regarding Plaintiff's ability to handle and finger as part of the RFC finding, failed to assign controlling weight to the opinion provided by Plaintiff's treating

physician, and erred by dismissing Plaintiff's visual impairments as non-severe at step 2 and by failing to include limitations arising from his visual impairments at step 4. (Doc. No. 16, Pl.'s Mem. in Supp. of Summ. J. 4–11.) Following a de novo review, the Court issued an Order granting in part and denying in part Plaintiff's motion, finding that the ALJ's consideration of the treating physician's opinion was flawed and recommending the matter be remanded pursuant to 42 U.S.C. § 405(g). (Doc. No. 21.)

The Social Security Administration subsequently issued a Notice of Award stating that Plaintiff's "past-due benefits are $86,585.50 for May 2015 through April 2020." (Doc. No. 33, Ex. 5 at 5, Notice of Award.) In the contract of employment between Plaintiff and counsel, they agreed to the following:

> As provided by federal law (42 U.S.C. § 406), should the District Court render a Judgment favorable to the undersigned and disability benefits are awarded by the District Court Judge, the undersigned agrees that his attorney shall petition to the Federal District Judge for approval of fees to equal 25 percent of the total of the past due benefits to which the undersigned is entitled by reason of such favorable judgment. In the event the decision is remanded to the Social Security Administration, the undersigned agrees that his attorney shall petition for approval of fees equal to 25 percent of the total past due benefits to which the undersigned is entitled by reason of entry of a favorable or partially favorable decision by SSA.

(Doc. No. 33, Ex. 4.) Social Security therefore withheld one-quarter of those past due benefits ($21,646.25) for potential payment of attorney's fees. (Doc. No. 33, Ex. 5 at 6.) The Court has approved, and the Defendant has already paid, fees in this case under the EAJA in the amount of $5,746.56. (Doc. No. 28, 10/08/2019 Ord.) Plaintiff's counsel has now filed a petition seeking to collect attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 30, Pet. for Atty's Fees.)

## ANALYSIS

Section 406(b) requires judicial review of contingent fee arrangements in Social Security representations "as an independent check, to assure they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (1992). Agreements are unenforceable when they provide for fees in excess of twenty-five percent of the past-due benefits, but "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* (citing 42 U.S.C. § 406(b)). A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel states that "[a] gross fee award of $21,646.25 is reasonable in this matter" because (1) Plaintiff and counsel executed a contingent contract of employment, (2) "counsel does not intend to petition for any additional fee at the administrative level," (3) "counsel's advocacy before this Court was instrumental in obtaining the successful result on remand, ultimately resulting in a gross award of $86,585.50 in past-due benefits, ongoing SSDI benefits, and Medicare eligibility for what is likely to be the rest of [Plaintiff's] life," (4) the "net attorney's fees of $15,899.69, when accounting for the $5,746.56 in EAJA fees that will be refunded to [Plaintiff], would represent less than 19% of past-due benefits payable pursuant to the Court's remand order and the subsequent decision issued by [the ALJ]," and (5) "counsel has

represented [Plaintiff] for approximately a half a decade." (Doc. No. 31, Pl.'s Mem. in Supp. of Petition for Atty's Fees 4.)

Defendant "declines to assert a position on the reasonableness of Plaintiff's request," asserting that the Commissioner is not the "true party in interest," and that it is the Court that is "obligated to act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a 'reasonable' result in particular cases." (Doc. No. 35, Def.'s Resp. to Pl.'s Mot. for Atty's Fees 1 (citing *Gisbrecht*, 535 U.S. at 807).) Defendant points out, however, that "Plaintiff's counsel is requesting $21,646.25 for 27.9 hours of attorney time." (*Id.* at 3.) Thus, if the $21,646.25 now requested is divided by 27.9 hours, Plaintiff counsel's hourly rate would be $775.85.

While an hourly rate of $775.85 appears excessive on its face, a $21,646.25 contingency fee from a $86,585.50 disability award is not necessarily unreasonable for Social Security cases. *See, e.g.*, *Massie v. Colvin*, No. 14-2888 (SRN/FLN), 2016 WL 4926443, at *1–3 (D. Minn. Aug. 31, 2016), *report and recommendation adopted*, 2016 WL 4925782 (D. Minn. Sept. 15, 2016) (approving attorney's fees in the amount of $37,095.50); *Smith v. Astrue*, No. 06-2091 (ADM/AJB), 2008 WL 2609443, at *2–4 (D. Minn. June 24, 2008) (declining to find an effective hourly rate of $1,141.91 excessive, and approving attorney's fees in the amount of $30,066.50). The U.S. Supreme Court accepted the twenty-five percent contingent fee as an appropriate starting point for determining the reasonable fees due to a claimant's attorney given that contingency fee agreements "are the most common fee arrangement between attorneys and social security claimants." *Gisbrecht*, 535 U.S. at 800. Furthermore, Plaintiff and his counsel signed an

employment contract reflecting a twenty-five percent contingent fee consistent with § 406(b), and Plaintiff's counsel has represented in a signed and sworn declaration that he will refund Plaintiff the previously awarded EAJA fees as required. (*See* Doc. No. 33, Ex. 4; Ex. 6 at ¶ 11.)

In sum, considering the contingent nature of Social Security litigation, the work performed, and results achieved in this particular case, the overall contribution of Plaintiff's counsel warrants an award of attorney's fees in the amount of $21,646.25. Thus, the Court finds that an award of attorney's fees in the amount of $21,646.25 is not unreasonable in this case.

## ORDER

Based on the foregoing, and all the files, records, and submissions herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Petition for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 30) is **GRANTED**;

2. Plaintiff's counsel is awarded an attorney's fee in the amount of $21,646.25; and

3. As required by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Plaintiff's counsel must refund to Plaintiff the amount of $5,746.56, which represents the EAJA fees previously awarded.

Date:  September 25, 2020  *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge